IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TAMMY CRANMER | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. |
| CORDELL & CORDELL P.C. | ) ) ) |
|     Defendant. | ) |

## COMPLAINT

COMES NOW plaintiff Tammy Cranmer ("Plaintiff"), by and through the undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and for her complaint against defendant Cordell & Cordell P.C. ("Cordell"), states and alleges as follows:

### Nature of the Action

1. This action is brought on behalf of the Plaintiff regarding sexual harassment and disability discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000 *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. §§ 12101 *et seq.*, and the Kansas Act Against Discrimination ("KAAD") K.S.A. 44-1009.

### The Parties

2. Plaintiff Tammy Cranmer is an individual and resident of the State of Kansas, residing at 8719 E. Boston St., Wichita, Kansas 67207.

3. Tammy Cranmer was employed at Cordell & Cordell P.C. as a paralegal.

4. Defendant Cordell & Cordell P.C., is a Missouri professional corporation registered and doing business in Kansas. Cordell may be served through its registered agent, Scott C. Trout, 9200 Indian Creek Pwky, Overland Park, KS 66210.

5. Defendant is a person within the meaning of 42 U.S.C.A. § 2000e(a), and an employer within the meaning of 42 U.S.C.A. § 2000e(b) and 42 U.S.C. § 12111(3).

## Jurisdiction and Venue

6. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and supplemental subject matter jurisdiction under 28 U.S.C.A. § 1367.

7. Venue is proper under 28 U.S.C. § 1391(b)(2) and 42 U.S.C. 2000e-5(f) because the defendant is located in this district and Plaintiff is a resident of this district and the acts complained of arose within this judicial district.

## Administrative Proceedings

8. On September 15, 2022, Ms. Cranmer filed a complaint of discrimination and retaliation with the Kansas Human Rights Commission ("KHRC"), Case No. 44105-23, alleging sex and disability harassment and discrimination and retaliation against the Defendant, based substantially upon the facts set forth below, under both the Kansas Act Against Discrimination and Title VII.

9. On information and belief, pursuant to the "Worksharing Agreement" executed between the KHRC and the U.S. Equal Employment Opportunity Commission ("EEOC"), Ms. Cranmer's complaint became dual-filed with the EEOC following its receipt by the KHRC on September 15, 2022. The EEOC thereafter assigned Ms. Cranmer's complaint a charge number of 28D-2022-00871.

10. On March 2, 2023, the EEOC issued a "Right to Sue" letter to Ms. Cranmer upon her request. A copy of the "Right to Sue" letter is attached as Exhibit A.

11. Ms. Cranmer has exhausted her administrative remedies prior to bringing her claim for sex harassment and disability discrimination and retaliation under Title VII.

**Facts Common to All Counts**

12. Ms. Cranmer was hired as a senior paralegal by Cordell when the firm first opened its Wichita office in the fall of 2019, having only herself and Attorney, Bradley Ward. Together, the two of them were able to grow the firm to seven attorneys. As described more fully below, Ms. Cranmer was discharged on July 25, 2022.

13. At the time of her termination, Ms. Cranmer's annual salary was $65,000.

14. Cordell is stated, by Joe Cordell, to be "the largest divorce litigation law firm in the world", having offices in at least 2 other countries, including the United Kingdom. Cordell is a family law firm which calls itself a "Fathers' Rights" firm. In reality, they represent both women and men in divorces. The firm is headquartered out of St. Louis and has offices in numerous cities in the United States, including Wichita, Kansas. The Wichita office is relatively small, with only five attorneys at the current time.

15. On information and belief, at all relevant times, Cordell employed (and continues to employ) in excess of 201 or more persons.

16. At the time of her termination, Ms. Cranmer was supervised by an attorney based in the Cordell office in Kansas City named Kimberly Gray.

17. Ms. Cranmer loved her job and was an outstanding paralegal. She received high marks on job performance reviews and was a hard worker for Cordell. At the current time, Cordell's website still includes client praise about Ms. Cranmer.

18. Beginning in the spring of 2020, Ms. Cranmer was subject to sexual harassment by an attorney, and witnessed the same attorney sexually harass others, including clients.

19. Ms. Cranmer witnessed the attorney responsible for the sexual harassment sexually harassing clients of the firm in her presence. Ms. Cranmer had to defuse these situations and the sexual harassment altered the terms and conditions of her employment.

20. In November, 2021, Ms. Cranmer complained about the sexual harassment to another attorney in the Wichita office.

21. Eventually, Cordell's human resources personnel investigated the sexual harassment, found the complaint to be credible, and, as a result, the attorney was fired toward the end of 2021.

22. Thereafter, Ms. Cranmer experienced what she believed was retaliation by the managing partner over the Wichita office, Kimberly Gray. Ms. Gray was located in Cordell's Kansas City office. The attorney who was fired for sexual harassment had made it known to Ms. Cranmer that he was Ms. Gray's "favorite." The retaliation that occurred after his termination was in the form of poor evaluations, derogatory statements, and ignoring and failing to respond to Ms. Cranmer's emails.

23. In March 2022, when Ms. Cranmer was still employed, she sought counsel to assist with the retaliation that she was facing at Cordell from Ms. Gray. Ms. Cranmer's attorney drafted a letter to Cordell that is attached as Exhibit B.

24. Ms. Cranmer had been the reporter of the attorney's sexual harassment, and was alleging that her supervisor, Ms. Gray, had been retaliating against her for having reported the sexual harassment. Further, even though Ms. Cranmer was aware that the accused attorney was fired, no one from Cordell had ever checked in with her or otherwise apologized to her for the sexual harassment she endured. She asked for $10,000 in damages and an apology. Cordell responded by refusing to pay her anything and insisted there had been no retaliation.

25. As a result of the intervention, Kimberly Gray's behavior toward Ms. Cranmer improved for a time.

26. Thereafter, however, Ms. Gray's conduct toward Ms. Cranmer deteriorated. After Ms. Cranmer complained to HR, a mediation conference, via Zoom, between Ms. Cranmer and Ms. Gray was scheduled for May 11, 2022.

27. On May 11, 2022, Ms. Cranmer and her supervisor, Ms. Gray, engaged in an inter-company mediation, with Greg Crook, HR representative, acting as the mediator. As a result of this meeting, both Ms. Cranmer and Ms. Gray were given a list of expectations, *i.e.* "Tammy's expectations of Kim," and "Kim's expectations of Tammy."

28. At the end of the Zoom mediation, Greg Crook stated to Ms. Cranmer that there was still the "elephant in the room" that needed to be addressed. She did not know what that was, so he explained that she needed to "call off her lawyer."

29. From that point, until Ms. Cranmer's employment was terminated two months later, she fulfilled her list of expectations, and was never told that her performance was not meeting the set standard.

30. Ms. Cranmer did not have performance deficiencies. Her "1st Quarter Survey," which was forwarded to her by Kim Gray with the comment "nice surveys" and in which she received 97.06%.

31. In the interval of time between the mediation and her termination, on June 15, 2022, Ms. Cranmer was diagnosed with kidney failure.

32. She told her supervisor, Ms. Gray, about the diagnosis due to needing to miss some work for medical tests. Ms. Gray stated in an email that Ms. Cranmer was "in her prayers."

33. Ms. Cranmer kept the Wichita office informed of her health situation and appointments through emails, and was current on her emails and phone calls with clients, but was light on work, which impacted her billable time.

34. At no time did she receive any warnings that her employment was in jeopardy.

35. Ms. Cranmer was able to perform her job with the requested accommodation that she be able to attend her medical care appointments related to her kidney failure.

36. At the time of Ms. Cranmer's termination, Ms. Gray was her supervisor.

37. Just two months after the mediation -- on July 25, 2022 – without any intervening counseling or warning – Ms. Cranmer was notified by Greg Crook of her immediate termination: "We have come to the decision to terminate your employment due to, among other things, a failure to adhere to the commitments agreed to on 5/11/2022."

38. Her discharge – just one month after her reporting of her diagnosis -- came as a total shock to her, at a time when she already was struggling with a serious health issue.

39. Ms. Cranmer has been damaged and suffered lost wages, emotional distress, and embarrassment as a result of her termination from Cordell.

40. Defendant caused a complete breakdown of the interactive process by which defendant might reasonably accommodate Plaintiff's disability.

## Count I:

## Retaliation Under Title VII for Reporting Sexual Harassment Discrimination

41. Plaintiff repeats the above paragraphs as if each had been separately alleged here.

42. Ms. Cranmer is a member of a protected group on the basis of sex and is female.

43. Ms. Cranmer reported sexual harassment to her supervisor and this was investigated by Cordell. Ultimately the attorney responsible for the sexual harassment was terminated.

44. However, the treatment of Ms. Cranmer did not improve and she was targeted for complaints and harassment following her report of the sexual harassment.

45. Ms. Cranmer was terminated as a result of her report of sexual harassment to Cordell.

46. Ms. Cranmer is entitled to recovery of lost wages, compensatory damages, punitive damages, and attorney fees from Cordell as a result of its unlawful retaliation.

47. Ms. Cranmer is entitled to recover her reasonable attorney fees, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff requests that this Court grant the following relief:

48. Award compensatory damages to Plaintiff for mental and/or physical injuries incurred as a result of the retaliation against her as alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981 and/or Title VII.

49. Award punitive damages to Plaintiff for the malicious and reckless indifference alleged in this Complaint.

50. Grant reasonable attorney fees, costs, and such additional relief as justice may require.

## Count II:

## Americans with Disabilities Act—

## Failure to accommodate under 42 U.S.C.A. § 12112(b)(5)(A)

51. Plaintiff repeats the above paragraphs as if each had been separately alleged here.

52. Defendant has discriminated against Ms. Cranmer, a disabled person, on account of and/or by reason of her disability, kidney failure, in violation of 42 U.S.C.A. §§ 12101 *et seq.*, because during all relevant times:

    (a) Plaintiff was disabled under the statute;

    (b) Plaintiff's kidney failure substantially limited her ability to undergo the following major life activities: operation of a major bodily function;

    (c) Plaintiff has a record of such impairment; Plaintiff was diagnosed with kidney failure;

    (d) Plaintiff was regarded as having such an impairment; Cordell was aware of Plaintiff's disability as it was disclosed to her supervisor, Kimberly Gray;

    (e) Plaintiff was qualified to perform, and could perform, the essential functions of one or more positions with or without an accommodation that became open prior to her discharge from employment by defendant; and

    (f) Plaintiff suffered an adverse employment action because of her disability when defendant failed to engage in collaborative discussions with Plaintiff related to reasonable accommodations and subsequently terminated Plaintiff.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

62. Award compensatory damages to Plaintiff for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981 and/or the ADA.

63. Award punitive damages to Plaintiff for the malicious and reckless indifference alleged in this Complaint.

64. Grant reasonable attorney fees, costs, and such additional relief as justice may require.

## Count III:

## Americans with Disabilities Act—Disparate treatment

65. Plaintiff repeats the paragraphs alleged above as if each had been separately alleged here.

66. Defendant has discriminated against Plaintiff, a disabled person, on account of and/or by reason of her disability, kidney failure, in violation of 42 U.S.C.A. §§ 12101 *et seq.*, because during all relevant times:

> (a) Plaintiff was disabled under the statute;
>
> (b) Plaintiff was qualified to perform the essential functions of one or more positions with or without an accommodation that became open prior to her discharge from employment by defendant; and
>
> (c) Plaintiff suffered an adverse employment action because of her disability.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

67. Award compensatory damages to Plaintiff for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981 and/or the ADA.

68. Award punitive damages to Plaintiff for the malicious and reckless indifference alleged in this Complaint.

69. Grant reasonable attorney fees, costs, and such additional relief as justice may require.

## Count IV:

## Americans with Disabilities Act—Retaliation

70. Plaintiff repeats the paragraphs alleged above as if each had been separately alleged here.

71. Defendant has retaliated against Plaintiff, a disabled person, on account of and/or by reason of her disability, kidney failure, in violation of 42 U.S.C.A. §§ 1201 *et seq.*, because during all relevant times:

    (a) Plaintiff was disabled under the statute;

    (b) Plaintiff engaged in activity protected by the statute, specifically, Plaintiff disclosed her disability and was terminated within a month; and

    (c) Plaintiff suffered an adverse employment action because of her attempt to secure her reasonable accommodations and secure medical care for her disability.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

72. Award compensatory damages to Plaintiff for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981 and/or the ADA.

73. Award punitive damages to Plaintiff for the malicious and reckless indifference alleged in this Complaint.

74. Grant reasonable attorney fees, costs, and such additional relief as justice may require.

## Count V:

## Violations of the Kansas Act Against Discrimination ("KAAD")

75. Plaintiff repeats the above paragraphs as if each had been separately alleged here.

76. Defendant has discriminated against Plaintiff, a disabled person, on account of and/or by reason of her disability, kidney failure, in violation of K.S.A. 44-1001 *et seq.*, because during all relevant times:

(a) Plaintiff is a member of a protected class because she is female and suffered a disability as defined by the statute;

(b) Plaintiff was qualified to perform the essential functions of one or more positions with or without an accommodation that became open prior to her discharge from employment by Cordell;

(c) Plaintiff sought protections for both the sexual harassment she faces and the disability discrimination that resulted in her being retaliated against in the form of an adverse employment action; and

(d) Plaintiff suffered an adverse employment action because of her sex and disability when Cordell failed to engage in collaborative discussions with Plaintiff related to reasonable accommodations and subsequently retaliated against Plaintiff by terminating her employment.

77. Cordell discriminated against Plaintiff among other ways, by terminating her employment after she disclosed her disability to the company. Defendant terminated Plaintiff because of her disability.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

78. Award compensatory damages to Plaintiff for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this Complaint, pursuant to and within the statutory limitations of the KAAD.

79. Grant reasonable attorney fees, costs, and such additional relief as justice may require.

WHEREFORE, Ms. Cranmer requests that the Court enter judgment in her favor and against Cordell for such damages, actual, nominal, and punitive, as are fair and reasonable, including back pay and front pay and compensatory damages, for her reasonable attorney fees and costs incurred herein, for interest allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

*Respectfully Submitted,*

**MORRIS LAING LAW FIRM**

By: /s/ Diane H. Sorensen
Diane H. Sorensen, #12226
Benjamin K. Carmichael, #27197
300 N. Mead, Suite 200
Wichita, KS 67202
(316) 262-2671
Fax: (316) 262-6226
dsorensen@morrislaing.com
bcarmichael@morrislaing.com
ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

COMES NOW plaintiff Tammy Cranmer, by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 38(b), and hereby requests a jury trial on all issues in the above-captioned matter.

*Respectfully Submitted,*

**MORRIS LAING LAW FIRM**

By: /s/ Diane H. Sorensen
Diane H. Sorensen, #12226
Benjamin K. Carmichael, #27197
300 N. Mead, Suite 200
Wichita, KS 67202
(316) 262-2671
Fax: (316) 262-6226
dsorensen@morrislaing.com
bcarmichael@morrislaing.com
ATTORNEYS FOR PLAINTIFF

## DESIGNATION OF PLACE OF TRIAL

COMES NOW plaintiff Tammy Cranmer, by and through the undersigned counsel, pursuant to D. Kan. Rule 40.2(a), and hereby designates Wichita, Kansas as the place of trial in the above-captioned matter.

*Respectfully Submitted,*

**MORRIS LAING LAW FIRM**

By: /s/ Diane H. Sorensen
Diane H. Sorensen, #12226
Benjamin K. Carmichael, #27197
300 N. Mead, Suite 200
Wichita, KS 67202
(316) 262-2671
Fax: (316) 262-6226
dsorensen@morrislaing.com
bcarmichael@morrislaing.com
ATTORNEYS FOR PLAINTIFF