UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMMY CRANMER,

    Plaintiff,

v.

CORDELL & CORDELL, P.C.,

    Defendant.

Case No. 23-1066-TC-BGS

## ORDER ON MOTION TO COMPEL

NOW BEFORE THE COURT is Plaintiff Tammy Cranmer's Motion to Compel discovery responses and memorandum in support.  (Doc. 63, 64.)  Having reviewed the parties' submissions,[1] the motion is **DENIED as MOOT**.

## BACKGROUND

**A.**    **General Background.**

This case arises out of Defendant's employment and subsequent termination of employment of Plaintiff as a paralegal at their Wichita law firm.  Plaintiff alleges disability discrimination and retaliation in violation of the Americans with Disabilities Act, and retaliation in violation of Title VII for her complaint of sexual harassment.  She also brings corresponding state law claims.  Defendant generally denies the allegations of discrimination and retaliation.

**B.**    **Motion to Compel.**

Plaintiff's motion relates to certain discovery requests that were initially served on Defendant on July 17, 2023.  Specifically at issue are Defendant's objections and responses to Requests for Production Nos. 20, 21, and 25.  The requests sought documents and communications between

---

[1] The Court notes that it instructed the parties during the November 8, 2023, telephone conference that no replies to this motion would be permitted.  As such, following Defendant's response, the motion is ripe for ruling.

1

"Crook, John Lay, Allison Cunningham and Courtney Knox pertaining to or concerning [Plaintiff]" (No. 20), documents and communications "pertaining to or concerning [Plaintiff] from Crook to any attorneys of the Firm in 2022" (No. 21), and documents and communications "between Gray and Randle from the termination of Randle's employment to present concerning or pertaining to Cranmer" (No. 25).2

Defendant's responses and objections to the discovery requests were served on August 31, 2023. Therein, Defendant generally objected that the requests were overly broad, unduly burdensome, not reasonably limited in time and scope, and/or were vague and ambiguous. Defendant also objected that Request No. 21 implicated documents protected by the attorney-client privilege. That stated, Defendant did produce documents in response to Requests Nos. 20 and 21, although not in response to No. 25.

Thereafter, the parties conferred both together and with the undersigned Magistrate Judge. In the initial golden rule communication, which occurred on September 19, 2023, Plaintiff contended that Defendant's discovery responses failed to indicate whether documents were withheld on the basis of its objections. Plaintiff argues that "this left [her] to guess if all records have been produced." (Doc. 64, at 2.) Plaintiff contends that Defendant agreed to verify if all responsive documents had been produced in response to requests for production 20, 21, and 25.

A golden rule telephone conference between the parties occurred on September 27, 2023, wherein Plaintiff's counsel asked defense counsel to memorialize via email the parties agreements regarding the discovery disputes. (Doc. 77, at 1-2; Doc. 77-1.) Defense counsel sent the email summary of the parties' agreements on October 5, 2023, after which Plaintiff's counsel thanked

---

2 From the briefing of this motion and other filings in this case, the Court is able to determine that Greg Crook was a Human Resources representative and Kimberly Gray was Plaintiff's supervisor and an attorney in Kansas City. The Court is unsure of the roles these other individuals have in the facts of this case.

2

defense counsel for the response and asked when Plaintiff could expect the information to be produced. (Doc. 77-2, at 1.)

Supplemental responses were submitted by Defendant on October 12, 2023. Defendant produced additional responses documents, including documents responsive to Request No. 25. As to Requests Nos. 20 and 21, Defendant maintained its objections, but agreed to "produce emails from a search of Greg Cook, Jon Lay, Allison Cunningham, and Courtney Knox's email accounts" from June through July of 2022 with the search terms "Tammy" and "Cranmer." (Doc. 77, at 2-3; Doc. 77-2.) The resulting documents were included in Defendant's October 12, 2023, supplemental production but attachments were removed, client information was redacted, and attorney-client privileged information was withheld. (Doc. 77, at 3.) The supplemental response to Request No. 25 indicated that Defendant was producing "all emails from Kim Gray's email account between her and Chris Randel from the date of Randle's termination to the present," while redacting client information and withholding attorney-client privileged information. (*Id.*) According to Defendant, Plaintiff's counsel "never communicated to Defendant's Counsel that anything in Defendant's email summarizing the Golden Rule Letter discussion and agreements was inaccurate." (*Id.*, at 2.)

On November 8, 2023, the undersigned Magistrate Judge conducted a telephone conference with the parties following multiple requests for extensions of time to file a Motion to Compel. The undersigned ordered the parties to confer. Due to press of upcoming deadlines, the Court set a pre-motion conference for November 22, 2023, in case the parties were unable to resolve their differences. During that November 22nd pre-motion telephone conference, only one minor issue was addressed relating to Defendant's responses which included a request to produce an EEO report to get an accurate count of Defendant's employees. The Court never conducted the

3

mandatory pre-motion conference on the issues that are now basis for the present Motion to Compel.3  *See* D. Kan. Rule 47.2.

The deposition of Jon Lay occurred on November 30, 2023, wherein the witness mentioned an email that had not yet been produced by Defendant.  According to Plaintiff, defense counsel indicated that "I believe the emails that Jon Lay referenced are privileged.  I'll confirm and, if so, identify on a privilege log."  (Doc. 64, at 2.)  Responsive documents were produced by Defendant on December 13, 2023; privileged information was redated and identified on Defendant's privilege log, which was produced on December 19, 2023.  (Doc. 77, at 3-4.)5

Plaintiff contends the identified documents should have been identified in response to Plaintiff's Request for Production No. 18, which sought documents and communications "between and among Cranmer and the Firm's human resources representatives and/or the Firm's attorneys, partners and/or managing partners and/or decision-makers of the Firm (other than Gray) pertaining to Cranmer or her employment history or performance while working for Defendant from 2018 to July 25, 2022."  (Doc. 64, at 5-6.)  The Court notes that Defendant initially objected that Request No. 18 was overly broad, unduly burdensome, vague, and ambiguous.  Defendant did, however, indicate that it would produce "documents provided to Defendant's human resources representatives and Plaintiff's supervisors related to her job performance."  Defendant produced certain documents, from which client information was redacted.  (*Id.*)

---

3 This, in and of itself, is basis for the Court to deny Plaintiff's motion.  The Court will, however, address the motion on its substantive merits.

5 The Privilege Log indicates the following documents were withheld:  "documents to and from Halbrook Wood, P.C.; documents to and from Burton Garland, Defendant s Outside Counsel, who provided counsel to Defendant following Defendant s receipt of Plaintiff's Counsel s March 1, 2022, Demand Letter; redactions of advice of counsel; and redactions of client information and redacted references to [Defendant's] clients."  (Doc. 77, at 4.)  Defendant asserts that "[f]or all communications involving counsel following Plaintiff's March 1, 2023, demand letter, the Privilege Log identifies categories of documents that were withheld."  (Id.)

Plaintiff's motion argues that despite raising the attorney client privilege in response to Plaintiff's discovery requests, as of the time of this motion's filing, "Defendant has produced no privilege log and has not told Plaintiff if it has withheld documents." (Doc. 64, at 7.)  Plaintiff continues that "[w]hen asked about documents mentioned by its witnesses at deposition, [defense] counsel stated that he believed that email was privileged, but he would check."  (*Id.*)  Plaintiff argues that, with the discovery period coming to a close, Defendant is "hiding the ball and leaving Plaintiff to guess as to what records exist or have been withheld."  (*Id.*)  Plaintiff seeks an order compelling Defendant to produce all documents responsive to requests for production 20, 21, and 25.  Plaintiff contends that Defendant failed to support its objections, establish the existence of the privilege, and did not satisfy Fed. R. Civ. P. 34, which requires a party to state when documents are withheld on the basis of an objection.  (*Id.*, at 7-8.)  As mentioned above, however, Defendant provided a privilege log to Plaintiff subsequent to the filing of the present motion on December 19, 2023.

## **ANALYSIS**

Federal law provides an attorney-client privilege for communications between an attorney and client.  *See Heglet v. City of Hays*, No. 13-2228-KHV-KGG, 2014 WL 1094458, at *2 (D. Kan. Mar. 19, 2014).  The party asserting the privilege has the burden of establishing its applicability.  *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 426 (D. Kan. 2009).  The essential elements of the attorney-client privilege are:  (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except if the protection is waived.  *Marten v. Yellow Freight Sys., Inc.*, No. 96–2013–GTV, 1998 WL 13244, *5 (D. Kan. Jan. 6, 1998).

> The privilege 'protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor.' The privilege also protects advice given by the lawyer in the course of representing the client. The privilege

5

> protects communications with in-house counsel as well as outside attorneys. The privilege, however, 'is to be extended no more broadly than necessary to effectuate its purpose.'

*New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 425 (D. Kan. 2009) (citations omitted). The importance of the attorney-client privilege in American jurisprudence is well-established. *See Cincinnati Ins. Co. v. M.S. ex rel. Serrano*, No. 11–2075–JAR/KGG, 2011 WL 6304086, at *6 (D. Kan. Dec. 16, 2011) (citing *Milavetz, Gallop & Milavetz, P.A. v. U.S.*, 130 S. Ct. 1324, at n. 5 (2010) (holding that the attorney-client privilege is an important "means of protecting that relationship and fostering robust discussion" between a party and its counsel)). As such, waivers of the privilege are to be narrowly construed. *Id.*

Fed. R. Civ. P. 26(b)(5) requires a party withholding otherwise discoverable information on the basis of privilege to expressly make the claims and describe the documents or communication in a manner that "will enable other parties to assess the claim." "The objecting party must provide enough information in the privilege log to enable the withholding party, and the Court, to assess each element of the asserted privilege and determine its applicability." *Leftwich v. City of Pittsburg, Kansas*, No. 16-2112-JWL-GLR, 2017 WL 1338838, at *2 (D. Kan. April 12, 2017) (citing *BridgeBuilder Tax + Legal Servs., P.A. v. Torus Specialty Ins. Co.*, No. 16-2236-JWL-GEB, 2017 WL 914809, at *4 (D. Kan. Mar. 8, 2017) (citations omitted)). If a party fails to produce a privilege log or provides an inadequate one, the privilege may be deemed waived. *Sprint Comm'cns Co. L.P. v. Big River Telephone Co., LLC*, No. 08-2046-JWL, 2009 WL 2878446, at *1 (D. Kan. Sept. 2, 2009). However, "courts often reserve such a penalty for those cases where the offending party unjustifiably delayed in responding to the discovery requests or acted in bad faith." *Id.*

The crux of Plaintiff's motion is that Defendant "produced no privilege log and has not told Plaintiff if it has withheld documents." (Doc. 64, at 7.) As mentioned above, subsequent to the

6

filing of Plaintiff's motion, Defendant submitted its privilege log. (Doc. 77-3.) The Court deems this issue to be resolved.

In addition to providing the privilege log, Defendant contends that it has now produced all documents responsive to Requests Nos. 18, 20, 21, and 25 as per the search parameters agreed to by the parties and summarized in Defendant's October 5, 2023, email. (Doc. 77, at 7; Doc. 77-2.) As discussed above, these search parameters include, that as to Requests Nos. 20 and 21, Defendant "will produce emails pulled from a search of Greg Crook, Jon Lay, Allison Cunnigham, and Courtney Knox's email accounts for the timeframe of 6/1/22-7/31/22 for the search terms 'Tammy' and 'Cranmer'." (Doc. 77-2, at 3.)

Defendant contends that Plaintiff never objected that Defendant's summarized search parameters were inaccurate or incomplete. (Doc. 77, at 7.) Indeed, there is no information before the Court to indicate that Plaintiff objected to Defendant's email summary of their agreement. Interestingly, Plaintiff did not submit that email correspondence in support of her motion; it was submitted by Defendant. Given that Plaintiff was aware no reply brief would be allowed, information establishing that such a disagreement existed between the parties following their golden rule conversations, if any existed, should have been included in Plaintiff's motion.

Based on communications between the parties that occurred following the filing of the present motion and submitted by Defendant, however, the parties appear unable to resolve the issues presented in Plaintiff's motion because Plaintiff now contends that an email referenced during Allison Cunningham's deposition should have been produced. (*See* Doc. 77, at 7-8; Doc. 77-4.) This email was, however, from March 2022 which is clearly beyoned the scope of the parties agreed search parameters, which limited the responsive email to that created from June and July 2022.

In the spirit of compromise, Defendant has indicated that it is "not opposed to producing this document if this would resolve the Parties' discovery issues … ." (Doc. 77, at 8.) Despite the

7

fact that the date of this email places it beyond the temporal scope to which the parties agreed, the Court instructs Defendant to do so.

The Court finds that, given the information submitted by Defendant following the filing of Plaintiff's motion, including the privilege log, the Motion to Compel (Doc. 63) is **DENIED as MOOT**.  Defendant is instructed, however, to provide the Allison Cunningham email(s) discussed above.

IT IS SO ORDERED.

Dated December 22, 2023, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
U.S. Magistrate Judge