## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TAMMY CRANMER,

     Plaintiff,

     v.                               Case No. 23-1066-TC-BGS

CORDELL & CORDELL, P.C.,

     Defendant.

## ORDER ON MOTION TO COMPEL

NOW BEFORE THE COURT is the Motion for Limited Extensions of Discovery Deadline filed by Defendant Cordell & Cordell, P.C. (Doc. 80.) Having reviewed the parties' submissions,[1] the motion is **DENIED**.

## ANALYSIS

This case arises out of Defendant's employment, and subsequent termination of employment, of Plaintiff as a paralegal at their Wichita law firm. Plaintiff alleges disability discrimination and retaliation in violation of the Americans with Disabilities Act, and retaliation in violation of Title VII for her complaint of sexual harassment. She also brings corresponding state law claims. Defendant generally denies the allegations of discrimination and retaliation.

The operative Scheduling Order in this case includes a discovery deadline of December 29, 2023. (Doc. 16.) Defendant filed the present motion to extend the discovery deadline on December 28, 2023 (Doc. 80), which did not comply with the requirement of D. Kan. Rule 6.1(a). That rule mandates that "[a]ll motions for an extension of time to perform an act required or allowed to be done within a specified time must be filed as soon as practicable and in no event less

---

[1] The Court notes that by text Order dated 1/2/24, it instructed the parties that no replies to this motion would be permitted. As such, following Plaintiff's response (Doc. 84), the motion is ripe for ruling.

than 3 days before the specified time." The Court will, however, address the motion on its substantive merits.

The motion seeks to extend the discovery deadline for the limited purpose of allowing Defendant to conduct three depositions – unretained experts Dr. Jany Moussa and Dr. Rosalie Focken along with fact witness Deborah Thompson. As an initial matter, Plaintiff does not object to the depositions of Dr. Moussa and Dr. Focken occurring after the discovery deadline. As such, it was unnecessary for Defendant to move the Court for permission to conduct these two depositions. This portion of Defendant's motion is **DENIED as moot**.

The deposition of Ms. Thompson, however, remains at issue. Because the discovery deadline expired on December 29, 2023 – the day after this motion was filed – Defendant's motion will be considered a motion to amend the scheduling order to reopen discovery for the limited purpose of deposing Ms. Thompson.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good-cause standard requires the moving party to establish that the "existing scheduling order deadlines cannot be met despite the movant's diligent efforts." *Kone v. Tate*, No. 20-1080-TC-ADM, 2021 WL 1210009, at *3 (March 31, 2021) (in context of motion to take depositions out of time) (citations omitted). The party seeking to establish good-cause typically must provide sufficient explanation for the delay. *Testone*, 942 F.3d at 988.

It is well-established that a court has broad discretion in managing the pretrial schedule. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

> In exercising that discretion on a motion to reopen discovery, the court considers six factors: (1) whether trial is imminent, (2) whether the request is opposed, (3) the prejudice to the non-moving party, (4) whether the moving party diligently attempted to obtain discovery before the deadline passed, (5) the foreseeability of the need for additional discovery, and (6) the likelihood that the discovery will lead to relevant evidence. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

2

*Kone*, 2021 WL 1210009, at *7.

Defendant argues that Plaintiff's December 11, 2023, discovery responses contained new information that was inconsistent with Plaintiff's initial disclosures, prior discovery responses, and deposition testimony. (Doc. 80, at 2.) Plaintiff's initial disclosures list Ms. Thompson, identifying her as a "[f]ormer Cordell attorney. Has knowledge of Plaintiff's skills as a paralegal." Defendant contends that Plaintiff's first interrogatory responses and her deposition testimony "do not list Ms. Thompson as an employer, and further states that Plaintiff did not seek work as a paralegal following her termination from Defendant." (Doc. 80, at 2.)

Plaintiff's responses to Defendant's Second Set of Interrogatories were served on December 11, 2023, and state:

> The work I did for Deborah Thompson was on an as-needed basis. Nothing consistent. Sometime [sic] it was just making phone calls. I did not prepare documents during this time, to my knowledge. If it was, it would have been just adding certificate of service or motion dates to documents for filing. I didn't even electronically file any of her documents. Again, this was very sporadic and I didn't even charge her for everything because I knew she needed the help.

(Doc. 80-2, at 3; Doc. 84, at 3.) Following the filing of the present motion, Plaintiff served supplemental interrogatory responses on January 3, 2024, which clarified this information as follows:

> In my deposition, I was only asked about work I applied for. I did not apply for employment with Ms. Thompson and did not consider myself employed by her. She and I were both fired from Cordell at around the same time. She initially went into solo practice and was struggling. I did not do any paralegal work for her, but helped her out sporadically with some secretarial-type tasks such as making phone calls and sending emails.
> Ms. Thompson now works for a law firm in Wichita, and I told her verbally about a week before my deposition that I was ready to again work as a paralegal.

(Doc. 84, at 3.)

The Court does not find these discovery responses to be inconsistent with each other, with Plaintiff's deposition testimony, or with her initial disclosures.  Nowhere did Plaintiff state under oath that she worked for Ms. Thompson as a legal assistant.  In response to Defendant's first interrogatories, Plaintiff was asked a question about lost wages and what dates she was unable to work.  Her answer was nonresponsive and stated that, as of time of the response, she had not applied for any paralegal jobs.  When asked at her deposition whether she had applied for paralegal jobs, Plaintiff testified that, during the prior week, she had "verbally applied" with Stanley Law Firm through Ms. Thompson.  (Doc. 80-3, at 2-3.)  Defendant's second set of interrogatories inquired about any source of income since the termination of Plaintiff's employment.  She responded by describing work she did for Ms. Thompson on an "as needed" basis, including making telephone calls, adding certificates of service or motion dates to filings.  (Doc. 80-2, at 2-3.)  In the Court's opinion, these tasks would be described as clerical in nature, rather than paralegal tasks.

Plaintiff argues that Defendant was not diligent seeking this deposition in a timely manner.  (*Id.*, at 4.)  Plaintiff continues that denying the motion will not unduly prejudice Defendant because any inconsistencies in Plaintiff's testimony or discovery responses can be explored during cross-examination of Plaintiff and/or Ms. Thompson at trial.  (*Id.*)  According to Plaintiff,

> "[t]here is no valid reason … to extend discovery to depose a fact witness who could have been deposed within the ample time limit the court set for discovery."  (*Id.*, at 4.)   The Defendant is not limited in its informal discovery of Deborah Thompson or subpoena to her. Plaintiff has no ability to prevent Defendant from talking to Ms. Thompson and a deposition of her is unnecessary and burdensome.

(*Id.*)

The Court agrees with Plaintiff.  Defendant reached out to Plaintiff's counsel about deposing Ms. Thompson on December 20, 2023 – nine days after receiving her responses to Defendant's second interrogatories and with the discovery deadline looming.  (Doc. 84, at 2.)  If defense counsel believed those responses contradicted Plaintiff's prior deposition testimony (which

4

they do not) or that the responses required further exploration, defense counsel should have reached out at that time to schedule Ms. Thompson's deposition.  Instead, defense counsel did not address the issue until December 20, 2023, knowing that scheduling a deposition over the holidays and prior to close of discovery on December 29th would be virtually impossible.  Rather than making an additional attempt to schedule the deposition, or requesting a telephone conference with the Court, or even unilaterally noticing the deposition as Defendant had done with three other depositions on December 15, 2023 (Docs. 68, 69, 70), Defendant instead filed the present motion.

Considering the six factors enumerated above, Defendant's motion (Doc. 80) is **DENIED**. Plaintiff opposes the request, the effort and expense to conduct the deposition after the close of discovery would be prejudicial to Plaintiff, Defendant was not diligent in attempting to obtain the discovery prior to the discovery deadline, and the Court cannot say that the need to take the deposition was unforeseeable.  *Smith*, 834 F.2d at 169.  Although the deposition may lead to the discovery of relevant evidence, Plaintiff has adequately explained that Defendant can attempt to interview Ms. Thompson and will be able to cross-examine her at trial.

IT IS SO ORDERED.

Dated January 8, 2024, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
U.S. Magistrate Judge